1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| 11  JUSTIN B. RUSSO, | Case No.  1:23-cv-0639-BAM (PC) |
| 12             Plaintiff, | ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE |
| 13       v. | |
| 14  JOHNSON, *et al.*, | FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION FOR FAILURE TO STATE A CLAIM |
| 15             Defendants. | |
| 16 | (ECF No. 13) |
| 17 | **FOURTEEN (14) DAY DEADLINE** |

18
19
20
21

        Plaintiff  Justin B. Russo ("Plaintiff") is a former state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action under 42 U.S.C. § 1983.  The Court screened Plaintiff's complaint, and he was granted leave to amend.  Plaintiff's first amended complaint is currently before the Court for screening.  (ECF No. 13.)

22
**I.      Screening Requirement and Standard**

23
24

        The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915A(b).

25
26
27
28

1

1    A complaint must contain "a short and plain statement of the claim showing that the

2    pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not

3    required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

4    conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell*

5    *Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  While a plaintiff's allegations are taken as

6    true, courts "are not required to indulge unwarranted inferences."  *Doe I v. Wal-Mart Stores, Inc.*,

7    572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

8    To survive screening, Plaintiff's claims must be facially plausible, which requires

9    sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable

10    for the misconduct alleged.  *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret*

11    *Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully

12    is not sufficient, and mere consistency with liability falls short of satisfying the plausibility

13    standard.  *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

14    **II.    Plaintiff's Allegations**

15    Plaintiff is currently out of custody and alleges that the events in the first amended

16    complaint occurred while Plaintiff was housed at Kern Valley State Prison ("KVSP").  Plaintiff

17    names Correctional Officer Johnson as the sole defendant. Plaintiff alleges one claim for cruel

18    and unusual punishment and deliberate indifference.  Plaintiff alleges as follows:

19    "C/O Johnson repeatedly sexually assaulted me verbally & emotionally &
20    phcologically [sic].  He asked to see my penis multiple times. Threatened me
     [unintelligible word] I wouldn't draw pictures of me in homosexual positions.
21    [Unintelligible word] wrote me letters, he tormented me repeatedly."

22    As remedies, Plaintiff wants to sue Defendant and hold him accountable.

23    **III.    Discussion**

24    Plaintiff's first amended complaint fails to comply with Federal Rules of Civil Procedure

25    8 and fails to state a cognizable claim under 42 U.S.C. § 1983.

26    **A.    Federal Rule of Civil Procedure 8**

27    Pursuant to Rule 8, a complaint must contain "a short and plain statement of the claim

28    showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a).  Detailed factual allegations

1    are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

2    conclusory statements, do not suffice."  *Iqbal*, 556 U.S. at 678 (citation omitted).  Plaintiff must

3    set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on

4    its face.'"  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).  While factual allegations

5    are accepted as true, legal conclusions are not.  *Id.*; *see also Twombly*, 550 U.S. at 556–57; *Moss*,

6    572 F.3d at 969.

7          Here, Plaintiff's complaint is short, but is not a plain statement of his claims. Much of

8    Plaintiff's allegations is conclusory as to what happened or when it happened. In fact, the

9    amended complaint includes fewer factual allegations than contained in the original complaint.

10   In the Court's prior screening, Plaintiff was informed that he should state his key factual

11   allegations in the body of the complaint.  Plaintiff has been unable to cure this deficiency to

12   include factual allegations identifying what happened, when it happened and who was involved.

13   Fed. R. Civ. P. 8.

14          **B.      Eighth Amendment – Sexual Harassment**

15          "Sexual harassment or abuse of an inmate by a corrections officer is a violation of the

16   Eighth Amendment." *Wood v. Beauclair*, 692 F.3d 1041, 1046 (9th Cir. 2012) (*citing Schwenk v.*

17   *Hartford*, 204 F.3d 1187, 1197 (9th Cir. 2000) ). "In the simplest and most absolute of terms ...

18   prisoners [have a clearly established Eighth Amendment right] to be free from sexual abuse ...."

19   *Schwenk*, 204 F.3d at 1197. "In evaluating a prisoner's claim, courts consider whether 'the

20   officials act[ed] with a sufficiently culpable state of mind' and if the alleged wrongdoing was

21   objectively 'harmful enough' to establish a constitutional violation." *Wood*, 692 F.3d at 1046.

22   "[A] prisoner presents a viable Eighth Amendment claim where he or she proves that a prison

23   staff member, acting under color of law and without legitimate penological justification, touched

24   the prisoner in a sexual manner or otherwise engaged in sexual conduct for the staff member's

25   own sexual gratification, or for the purpose of humiliating, degrading, or demeaning the

26   prisoner." *Bearchild v. Cobban*, 947 F.3d 1130, 1144 (9th Cir. 2020).

27          While "the Ninth Circuit has recognized that sexual harassment may constitute a

28   cognizable claim for an Eighth Amendment violation, the Court has specifically differentiated

                                                    3

between sexual harassment that involves verbal abuse and that which involves allegations of physical assault, finding the lat[t]er to be in violation of the constitution." *Minifield v. Butikofer*, 298 F. Supp. 2d 900, 904 (N.D. Cal. 2004) (citation omitted).  Allegations of sexual harassment that do not involve touching have routinely been found 'not sufficiently serious' to sustain an Eighth Amendment claim. *Austin v. Terhune*, 367 F.3d 1167, 1172 (9th Cir. 2004) (upholding dismissal of claim premised on allegations that correctional officer unzipped his pants and exposed his penis to an inmate from inside control booth); *accord Somers v. Thurman*, 109 F.3d at 624 ("To hold that gawking, pointing, and joking violates the prohibition against cruel and unusual punishment would trivialize the objective component of the Eighth Amendment test and render it absurd."). Verbal harassment may violate the Constitution when it is "unusually gross even for a prison setting and [is] calculated to and [does] cause [plaintiff] psychological damage." *Keenan v. Hall*, 83 F.3d 1083, 1092 (9th Cir. 1996), amended by 135 F.3d 1318 (9th Cir. 1998); *Patrick v. Hernandez*, 2018 WL 5095130, at *2 (E.D. Cal. Oct. 17, 2018) (denying cognizable claim where defendants gawked at plaintiff in a manner that suggested they wanted him to expose himself.); *Bearchild*, 947 F.3d at 1144 ("[T]here are occasions when legitimate penological objectives within a prison setting require invasive searches."); *see Reed v. Racklin*, No. 17-cv-0799-WBS-AC, 2019 WL 4745266, at *1, 4-5 (E.D. Cal. Sept. 30, 2019), report and recommendation adopted, No. 17-cv-0799-WBS-AC, 2019 WL 5566441 (E.D. Cal. Oct. 29, 2019) ("Unfortunately for plaintiff, the law is clear: verbal harassment, even if sexual in nature, does not without more violate the Constitution.") (collecting cases).

Under these authorities, Plaintiff fails to allege a cognizable claim.  His first amended complaint continues to allege conduct which does not involve touching.  Plaintiff has been unable to cure this deficiency.

**IV.     Conclusion and Recommendation**

For the reasons discussed, the Court finds that Plaintiff fails to state a cognizable claim for relief.  Despite being provided with the relevant legal standards, Plaintiff has been unable to cure the deficiencies in his complaint.  Further leave to amend is not warranted. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

Accordingly, the Court HEREBY DIRECTS the Clerk of the Court to randomly assign a district judge to this action.

Further, for the reasons stated above, IT IS HEREBY RECOMMENDED that this action be dismissed for failure to state a cognizable claim upon which relief may be granted.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these Findings and Recommendation, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **July 12, 2023**                        /s/ *Barbara A. McAuliffe*
                                                  UNITED STATES MAGISTRATE JUDGE